## Ortlip *v.* Philadelphia and West Chester Traction Company, Appellant.

*Negligence—Electric railways— Operation of construction car by contractors.*

Where an electric railway company permits a contractor engaged in ballasting a roadway to operate construction cars in the same block as passenger cars subject to the rules of the company and the orders of the company's superintendent, the company is liable for injuries to one of its own motormen resulting from the failure of the contractor's workmen properly to adjust a signal after entering a block. In such a case the plaintiff cannot be charged with contributory negligence in remaining in the service of the company after the contractor was allowed to use its tracks.

Argued Feb. 11, 1901. Appeal, No. 191, Jan. T., 1901, by defendant, from judgment of C. P. Chester Co., Aug. T., 1899, No. 102, on verdict for plaintiff in case of David Parke Ortlip *v.* Philadelphia and West Chester Traction Company. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass for personal injuries. Before HEMPHILL, P. J.

At the trial it appeared that on March 22, 1899, at about 9 o'clock in the evening, the plaintiff, who was a motorman in the service of the defendant, was injured in a collision between the car which he was operating and a car owned and operated by a firm of contractors who were engaged in ballasting the road. The accident was caused by the failure of the workmen of the contractors to set the danger signals after they ran into the block where the accident occurred. It appeared that the contractors were permitted by the railroad company to operate their cars at the same time that passenger cars were running. The movement of the contractors' cars was subject to the printed rules of the company and to the orders of the company's superintendent.

The court charged in part as follows:

[The defendant company is a corporation chartered under the laws of this state, giving it the right to operate a railroad for its own private advantage and profit; it is what is called a

quasi-public corporation.    It is liable, by reason of the privileges thus conferred upon it by the laws of the state, to the performance of certain duties, and among them that it must so conduct and operate the road which it has been chartered to build as to be safe and properly managed, both so far as concerns the passengers which it carries, and the employees which it employs; and it cannot absolve itself from the discharge of that duty—the safe carriage, the safe conduct and safe operation of its line—by allowing other parties to intervene, by leasing the rights to another party, or by employing or contracting with others to perform duties over or along its line.    It has been shown here that a firm named Pepper & Register entered into a contract with this defendant company for the ballasting at least of this road—whether it had the complete construction of it, I do not know that it appears—and they were at this time engaged in ballasting the road.    That was a perfectly lawful and legitimate contract for this company to enter into.    But, as I said before, when it entered into that contract with this independent contractor for the purpose of this work, it could not by so doing absolve itself from the duties that it owed to the public and to those that use, whether as employees or passengers, the cars on their road.    So that if there was negligence on the part of Pepper & Register, so far as this case is concerned, I say to you that it was the negligence of the defendant company; in other words, that it was negligence which they were responsible for, and of which they could not free themselves by any contract that they might make with Pepper & Register, because it was a duty that was implied in their acceptance of their charter, to be discharged for the public weal, for the public good, and in the interest of the public.] [1]

[If on the other hand, however, you do not believe the testimony produced here to satisfy you that these rules were abrogated verbally, and that they were not being observed, then the second question will arise, has the plaintiff here satisfied you that even with these rules, this accident was brought about through the negligence of the company in not seeing that these rules were observed by their conductors, by permitting the operation of their road for which they were responsible in such a manner as to entail the injuries here complained of.] [2]

Defendant presented these points:

2. The contract of the defendant with Pepper & Register was one which the defendant had a right to make, and the defendant cannot be held responsible for the negligence of the employees of Pepper & Register in carrying out such contract. *Answer:* This, as a whole, I refuse. [3]

3. If the accident which caused the injury to the plaintiff was occasioned by the employees of Pepper & Register in carrying out said contract, Pepper & Register alone are responsible for the consequences. *Answer:* This point I also must refuse. [4]

4. By entering and continuing in the employ of the defendant with knowledge that the employees of Pepper & Register were running their ballast cars over the same track, the plaintiff assumed the risks of all negligence on the part of said employees, and cannot recover if the accident was caused by their negligence. *Answer:* That point is also refused. [5]

5. The plaintiff admits he knew the ballast cars of Pepper & Register were running upon the railroad under the same rules and regulations as the passenger cars. That was, therefore, one of the risks he assumed by remaining in the employ of the defendant, and he cannot recover if the injuries resulted from the negligence of the employees of Pepper & Register. *Answer:* That is also refused. [6]

6. It was not negligence in the defendant to commit and entrust the management of his signals to the employees of Pepper & Register while they were running and operating their stone cars. *Answer:* That point is true as it is stated, but not if the inference to be drawn from it is, that they were relieved from responsibility or liability thereby. It was not negligence merely to entrust them, but it did not relieve them from any liability or responsibility for negligent acts of Pepper and Register's employees. [7]

7. The failure to signal the occupancy of the block where the accident happened, being the act of the employees of Pepper & Register, the defendant is not liable for the consequences of such accident. *Answer:* That point also refused. [8]

8. Under all the evidence the plaintiff cannot recover. *Answer:* That point is also refused. [9]

Verdict and judgment for plaintiff for $4,000. Defendant appealed.

*Errors assigned* were (1–9) above instructions, quoting them.

*Alfred P. Reid,* for appellant.—When an injury is done by a person exercising an independent employment, the person employing him is not responsible to the party injured: Reed v. Allegheny City, 79 Pa. 300; Harrison v. Collins, 86 Pa. 153; Smith v. Simmons, 103 Pa. 32; Allen v. Willard, 57 Pa. 374; Borough of Susquehanna Depot v. Simmons, 112 Pa. 384; Hughes v. Cincinnati & Springfield Ry. Co., 15 Am. & Eng. R. R. Cases, 100.

The appellant was not negligent in entrusting the management of its signals to the employees of Pepper & Register in running their ballast cars: Kehler v. Schwenk, 144 Pa. 348; Donner v. Delaware & Hudson Canal Co., 164 Pa. 17; Moules v. Delaware & Hudson Canal Co., 141 Pa. 632; Sykes v. Packer, 99 Pa. 465; Payne v. Reese, 100 Pa. 301; Wannamaker v. Burke, 111 Pa. 423.

The plaintiff knew that the cars of Pepper & Register were running upon the road, under the same rules and regulations as the car he operated, and had known that for considerable time before the accident. He was chargeable, therefore, with contributory negligence and was not entitled to recover: Rummell v. Dilworth, Porter & Co., 111 Pa. 343; Brossman v. Lehigh Valley R. R. Co., 113 Pa. 490; Mansfield Coal & Coke Co. v. McEnery, 91 Pa. 185; Green & Coates St. Pass. Ry. Co., v. Bresmer, 97 Pa. 103; Cooper, Hewitt & Co. v. Butler, 103 Pa. 412; Frazier v. Penna. R. R. Co., 38 Pa. 104; Marean v. New York, Susquehanna & Western R. R. Co., 167 Pa. 220; Rumsey v. Del., Lack. & Western R. R. Co., 151 Pa. 74; Higgins v. T. J. Fanning & Co., 195 Pa. 599.

*R. T. Cornwell,* with him *John J. Gheen* and *Gibbons Gray Cornwell,* for appellee.—Pepper & Register were not independent contractors as to the management of the signals controlling the running of the passenger cars: Edmundson v. Pittsburg, etc., R. R. Co., 111 Pa. 320; First Presbyterian Congregation v. Smith, 163 Pa. 561; Harrison v. Collins, 86 Pa. 153; Reynolds v. Braithwaite, 131 Pa. 416.

The trolley company could not relieve itself from responsibility to its passengers and employees on its cars by committing

the management of the signals which controlled their running to contractors: Philadelphia, Wilmington & Baltimore R. R. Co. v. Hahn, 22 W. N. C. 32; Lancaster Ave. Improvement Co. v. Rhoads, 116 Pa. 377; Trainor v. Phila. & Reading R. R. Co., 137 Pa. 148; Lewis v. Seifert, 116 Pa. 628; Allen v. Willard, 57 Pa. 381; Gilmore v. Phila. & Reading R. R. Co., 154 Pa. 375; Rome & Decatur R. R. Co. v. Chasteen, 40 Am. & Eng. R. R. Cases, 559; Ardesco Oil Co. v. Gilson, 63 Pa. 151.

No servant takes the risk of an injury which is the very act of the master himself or the result of his negligence: Sheehan v. New York Central, etc., Railroad Co., 91 N. Y. 332; Ellis v. New York, Lake Erie & Western R. R. Co., 95 N. Y. 546; Coppins v. New York Central, etc., R. R. Co., 122 N. Y. 557; Catawissa Railroad Co. v. Armstrong, 49 Pa. 186; O'Donnell v. Allegheny Valley Railroad Co., 59 Pa. 247; Penna. R. R. Co. v. Price, 96 Pa. 264; Hunt v. Penna. R. R. Co., 51 Pa. 475.

The plaintiff was not guilty of contributory negligence: Schall v. Cole, 107 Pa. 1; Pittsburg v. Grier, 22 Pa. 54; Coates v. Chapman, 195 Pa. 109.

OPINION BY MR. JUSTICE FELL, March 25, 1901:

The plaintiff, while in the employ of the defendant as a motorman on a single track electric railway, was injured in a collision between his car and a car owned and operated by contractors who were engaged in ballasting the roadbed with broken stones. The road was operated by a block system with electric signals, which were set by the men in charge of the cars. The collision resulted from the failure of the contractor's workmen properly to adjust a signal after entering a block. The defendant operated its road before the ballasting was finished, and its passenger cars and the contractor's construction cars were in use at the same time, but the movement of all cars was expressly subject to the printed rules of the company, and to the orders of its superintendent. One of these rules allowed the running of the contractor's cars in the same block as passenger cars subject to certain restrictions as to notice, the distance cars should be kept apart, allowing passenger cars the right of way, and the operation of signals by those in charge of the forward car.

It is conceded by the appellant that the plaintiff and those whose negligence caused the accident were not fellow workmen.

Its denial of liability is based on three grounds. (1) that it is not responsible for the negligence of independent contractors; (2) that it was not negligent in entrusting the operation of its signals to the employees of its contractors; (3) that the plaintiff, by remaining in its service with knowledge of the manner in which the signals were operated, assumed the risk of injury from that cause.

It is unnecessary to determine whether the contract was an independent one, or whether the company could absolve itself from liability in regard to so vital a matter as the operation of its signals, by delegating it to its contractors. The contract related to the construction of the roadbed, and if independent it was so only as to the doing of that work; the operation of the signals was not as an independent matter entrusted to any one, but remained in the charge of the company. The use of the tracks was under the direct control of the company's superintendent, who retained and exercised the right to direct the management of the cars and signals. In all matters incident to the use of the track, the contractors and their workmen represented the will of the company, and its responsibility remained.

The plaintiff could not be charged with contributory negligence in remaining in the service of the company after the contractors were allowed to use its track. The ordinary risk of his employment was slightly increased, as it would have been if more passenger cars had been used, but the additional use of the track presented no obvious danger.

The judgment is affirmed.